UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:16-CR-00025-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CARROLL GRIFFIN (01) | MAG. JUDGE PATRICK J. HANNA |

MEMORANDUM RULING

Pending before the Court is Defendant Carroll Griffin's ("Griffin") Emergency Motion for Compassionate Release [Doc. No. 586] and Supplemental Motion for Compassionate Release [Doc. No. 596]. For the reasons set forth herein, both Motions are DENIED.

**I.    Background**

On April 3, 2017, Griffin, entered a plea of guilty to Conspiracy to Distribute Methamphetamine [Doc. No. 344]. The Pre-Sentence Investigative Report (PSR), noted that Griffin's offense involved Griffin traveling in his vehicle for a methamphetamine transaction. When law enforcement attempted to stop him, he led officers on a high-speed chase, disobeying traffic control signals through residential-commercial areas. Griffin's sentence was assessed a two-point enhancement for possession of a firearm with a narcotics transaction, and, an additional two-point enhancement for creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

On September 22, 2017, Griffin was sentenced to serve 72 months of incarceration, within the advised guideline range of 70-87 months.

On July 6, 2020, Griffin filed an Emergency Motion for Compassionate Release [Doc. No. 586]. In the Motion, Griffin maintained he was entitled to compassionate release due to the

COVID-19 virus. He argued that the facility he is in, FMC Fort Worth ("FMC") has had over 600 inmates infected and over 10 deaths. (It should be noted that FMC is a federal medical facility.) To Griffin's Emergency Motion for Compassionate Release, the Government filed its Response, [Doc. No.589] arguing that Griffin had failed to exhaust his administrative remedies.

Thereafter, on August 12, 2020, Griffin filed a Motion to Stay Proceedings and for the Appointment of Counsel. [Doc. No. 593]. The Court granted Griffin's Motion to Stay but denied his request for appointment of counsel. [Doc. No. 595].

On August 17, 2020, Griffin filed a Supplemental Motion Seeking Compassionate Release. [Doc. No. 596]. Attached to the Motion is a letter requesting compassionate release with the Warden of FMC Fort Worth dated July 13, 2020. [Doc. No. 596]. To the Supplemental Motion for Compassionate Release, the Government filed its Response in Opposition [Doc. No. 597] on September 1, 2020.

**II.     Jurisdiction**

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release. However, before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons ("BOP"). This requirement is jurisdictional. *See United States v. Garcia,* 607 F.3d 209 (5th Cir. 2010).

The Government concedes, and the record shows, that Griffin has exhausted his administrative remedies. Griffin attached a letter showing he requested compassionate release with the Warden of FMC dated July 13, 2020. With thirty days having passed since Griffin filed his request for compassionate release with the Bureau of Prisons ("BOP"), Griffin has exhausted his administrative remedies, and this Court has jurisdiction to proceed with Griffin's motions.

### III. Parties' Arguments

Griffin argues that due to the COVID-19 pandemic, and, due to his medical condition, that he is entitled to compassionate release. Griffin also maintains he would not be a danger to society and has a plan to live with his wife in Carencro, Louisiana. Griffin argues that he is entitled to compassionate release because he suffers from pre-diabetes, hyperlipidemia, hyperglycemia, anemia, thrombocytopenia, bradycardia, and endocrine/lipid disorders. He also maintains that FMC has had a high number of infections and ten deaths due to COVID-19. Additionally, Griffin submits an April 23, 2020 report indicating he had a positive COVID-19 test result.

The Government maintains that although Griffin has attached some medical reports, he has not provided sufficient documentation of the severity or effects on his overall health, and therefore has not met his burden of establishing "extraordinary and compelling" reasons to justify his compassionate release. Additionally, the Government maintains that Griffin's medical conditions are appropriately managed at FMC and he is not entitled to compassionate release. Further, the Government argues that due to Griffin's prior criminal history, he has not shown that he is not a danger to the community, and also, he has served less than fifty percent of his 72-month sentence. (Approximately 33 months out of a 72-month sentence).

### IV. Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the

defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Griffin moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) extraordinary and compelling reasons warrant the reduction; ….
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader

provision for reasons deemed "extraordinary and compelling":

>1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>   (A)  <u>Medical Condition of the Defendant</u>.—
>
>   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>
>   (ii)  The defendant is—
>
>   (I)  suffering from a serious physical or medical condition,
>
>   (II)  suffering from a serious functional or cognitive impairment, or
>
>   (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>   (B)  <u>Age of the Defendant</u>.—The defendant
>
>   (i)  is at least 65 years old;
>
>   (ii)  is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
>   (iii)  has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C)  <u>Family Circumstances</u>.
>
>   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only

5

        available caregiver for the spouse or registered partner.

 (D)  <u>Other Reasons</u>.

    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

 The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

 **B.**  **Analysis**

 The medical records provided by Griffin show he has numerous medical issues. This Court agrees with the Government that Griffin has not provided sufficient documentation to show that "extraordinary and compelling reasons" are shown in this case. He has not shown that the risk of COVID-19 is increased by his medical issues. Griffin does not suffer from a terminal illness. While he has presented medical records, they do not prove that he has a serious functional or cognitive impairment, or, deteriorating mental or physical health because of the aging process that "substantially" diminishes the ability of the Defendant to provide self-care within the correctional facility.

### 1. Medical Condition

Additionally, Griffin provided an April 23, 2020 test result showing that he was positive for the COVID-19 virus. Persons that have had the COVID-19 virus are rarely, if ever, re-infected with the virus. Therefore, Griffin's medical records do not show "extraordinary and compelling reasons' to grant compassionate release in this case. The Courts have held that general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for reduction in sentence. *USA v. Clark* 2020 WL 1557397 (M.D. La. April 1, 2020).

### 2. Danger to the Community

Moreover, even if Griffin were to meet his burden on his medical conditions, the Court must also consider whether he remains a danger to the community. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and

    characteristics of the defendant; [and]

(2)  the need for the sentence imposed –

  A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  B.  to afford adequate deterrence to criminal conduct; [and]

  C.  to protect the public from further crimes of the defendant; …

Griffin has not demonstrated he will not pose a danger to the community if released, or that his release comports with the applicable § 3553(a) factors. Griffin's PSR included enhancements for possession of a firearm in connection with a drug trafficking offense and reckless endangerment during flight from police. Additionally, Griffin has a shocking string of prior criminal convictions dating back to age 19. Although the vast majority of these convictions were misdemeanor convictions, the record shows that Griffin had, in addition to two felonies, approximately 54 misdemeanor convictions. Many were the same offenses repeated numerous times. This shows a lack of disrespect for the law and rules in general. This Court agrees with the Government that the repetitive nature of these convictions suggest that Griffin is incapable of conforming this conduct to societal rules which makes him an increased danger to the public.

Additionally, the Court is also required to determine whether the need for the sentence imposed reflects the seriousness of the offense to promote respect for the law and provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Griffin has only served 33 months of a 72-month sentence. To reduce Griffin's 72-month sentence to 33 months would not reflect the seriousness of the offense, would not promote respect for the law, would not afford an adequate deterrence to criminal conduct and would not protect the public from further crimes of the defendant.

Considering the 18 U.S.C. § 3553(a) factors, along with the factors in 18 U.S.C. § 3142(g), Griffin is not entitled to compassionate release. Griffin's Emergency Motion for Compassionate Release [Doc. No. 586] and Griffin's Supplemental Motion for Compassionate Release [Doc. No. 596] are DENIED.

**V.     Conclusion**

For the above reasons. CARROLL GRIFFIN'S Emergency Motion for Compassionate Release [Doc. No. 586] and his Supplemental Motion for Compassionate Release [Doc. No. 596] are DENIED.

Monroe, Louisiana, this 8th day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE